## Venango County *versus* Durban.

3 G    66
29 SC ¹587

1. The Court of Common Pleas has power to establish a rule requiring the publication of the trial list in a newspaper, and the county is obliged to pay the expenses thereof.

2. Where no other provision is made for the necessary expenses of the judiciary, in its official duties, the county where the court is held is in general liable.

ERROR to the Court of Common Pleas of *Venango County.*

This was an action of assumpsit by Edward S. Durban *v.* Venango County, to recover compensation for the publication of the trial list of the Court of Common Pleas in his newspaper.

In the court below, JOHN S. McCALMONT, J., entered judgment for plaintiff, and filed the following opinion:—

"Under a rule of court established by one of our predecessors, it became the duty of the prothonotary to have the trial list published in the plaintiff's newspaper. The plaintiff was not obliged to publish it, but having done so at the request of the officer, in pursuance of the rule, he was entitled to the value of his services. Was the prothonotary bound to pay him? It is contended that the services not being provided for by the fee bill, the officer was obliged to perform them without compensation. But this can only be understood of duties which the officer himself can perform; he is not obliged to pay for the services of another. Such was the construction given in *Alleghany County* v. *Watts,* 3 Barr, 464. In other cases it has been decided that services rendered at the request of the officer, and necessary for the efficient execution of the functions of justice, were to be paid for by the county, notwithstanding the fee bills were silent on the question. *Commonwealth* v. *Harman,* 4 Barr, 271; *Commissioners* v. *Hall,* 7 Watts, 290; *Commonwealth* v. *Commissioners of Philadelphia,* 2 S. & R. 193; *Richardson* v. *Clarion County,* 2 Harris, 199.

"The material question in the case seems to us to be, whether the court had power to establish the rule requiring the trial list to be published in the newspaper. By the act of 16th June, 1836, relative to the jurisdiction and power of the court, it is provided (section 21) that 'each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes, and proceedings therein, as in their discretion they shall judge necessary and proper. Provided that such rules shall not be inconsistent with the constitution and laws of this commonwealth.' The authority is here

[Venango County *v.* Durban.]

expressly given to the court to make such rules as in their discretion they shall judge necessary or proper.

"But it may be argued that the act contemplated only such rules as will involve no other expense than those provided for by the fee bills, or which the officer himself would be bound to perform. But why restrict the words by such a construction? Because it may be said, if the court can create expenses for the county in one instance they may in another.

"The only matter, however, in which, as we conceive, the court might by their rules involve the county in expense would be by the publication of the trial lists and also the publication of the rules. It must be admitted, however, that these are matters of public concern, and closely connected with the efficient administration of justice.

"When the trial lists are published, suitors whose causes are not down can be informed of the fact without being put to the trouble and expense of going to the court house at every town to ascertain it. Those whose causes are on the list may be informed of it even when away from their usual places of residence. All persons who have been interested in the proceedings of courts of justice know that it is convenient to have the list printed. It is not absolutely necessary. But the court in adopting the rule deemed it proper, and as was said in *Commissioners* v. *Hall* (7 Watts, 290), that the safeguard of the public purse was to be 'found in the responsibility of the judges for its propriety in the particular instance and the control of a jury over the price,' so we may say here.

"As the rule was not inconsistent with the laws of the commonwealth, we think the court had power to adopt it, and, having done so, the county is obliged to raise the means for its enforcement.

"Judgment for the plaintiff."

Of the entry of judgment the county complained, and took this writ of error.

The opinion of the court was delivered, January 13th, 1857, by

Lewis, C. J.—This record raises the question whether the county is liable for the reasonable charges of a printer for publishing the trial list, in pursuance of a rule of court requiring the publication. The opinion of the learned president of the Court of Common Pleas fully establishes the liability of the county, and we affirm the judgment for the reasons therein given.

It is a mistake to suppose that the public have no interest in the trial of *civil* causes. One of the "principal duties of a nation" relates to the administration of justice. It ought to "take the utmost care" that justice "be rendered to every one

in the safest, the most speedy, and the least burthensome manner." Vattel, B. 1, ch. 13. Court houses are erected, judges selected, and juries ·impanelled for the purpose of administering justice in *civil* as well as in *criminal* cases. Where no other provision is made for the necessary expenses of the judiciary, in its official duties, the county where the court is held is in general liable.

Judgment affirmed.